**14 CV 8237**

Louis Pechman
Roberto Concepción, Jr.
Berke-Weiss & Pechman LLP
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@bwp-law.com
concepcion@bwp-law.com
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
OLIVERTO RODRIGUEZ,

      Plaintiff,

   -against-

PIZZA, PASTA ETC. CORP. d/b/a FAMOUS
AMADEUS PIZZA, and AMADEUS MANATA,

      Defendants.
---------------------------------------------------------------X

**COMPLAINT**

**ECF CASE**

  Plaintiff Oliverto Rodriguez ("plaintiff" or "Rodriguez"), by his attorneys Berke-Weiss & Pechman LLP, complaining of defendants Pizza, Pasta Etc. Corp. d/b/a Famous Amadeus Pizza and Amadeus Manata (collectively referred to herein as "defendants"), alleges:

### NATURE OF THE ACTION

  1. This action arises out of defendants' failure to pay overtime pay as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL"), and defendants' failure to pay spread-of-hours pay as required by the NYLL.

  2. Defendants have systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks compensation for unpaid overtime and spread-of-hours pay,

liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. §§ 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the pizzeria operated by defendants, known as "Famous Amadeus Pizza", is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5. Oliverto Rodriguez resides in Bronx, New York. Rodriguez has worked as a cook at Famous Amadeus Pizza since approximately March 2005.

6. At all times relevant to this action, Rodriguez was an employee engaged in commerce or the production of goods for commerce on behalf of defendants.

**Defendants**

7. Pizza, Pasta Etc. Corp. is a New York corporation that owns and operates Famous Amadeus Pizza, a pizzeria located at 840 8th Avenue, New York, New York, 10019, and formerly located at 856 8th Avenue, New York, New York 10019. Famous Amadeus Pizza prepares and serves pizza, pasta, salads, and sandwiches for customers on its premises.

8. Defendant Pizza, Pasta Etc. Corp. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Pizza, Pasta Etc. Corp. has: (1) employees engaged in commerce or in the production of goods for commerce and handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

9. Defendant Amadeus Manata is an owner of Pizza, Pasta Etc. Corp., and is sued individually in his capacity as an owner, officer and/or agent of Pizza, Pasta Etc. Corp. He exercises sufficient control over Famous Amadeus Pizza's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at Famous Amadeus Pizza.

## FAILURE TO PAY OVERTIME
## FOR ALL HOURS WORKED OVER FORTY

10. The FLSA and NYLL require that employers pay employees one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

11. Plaintiff is a non-exempt employee under the FLSA and NYLL.

12. Plaintiff regularly worked over forty hours per week but did not receive overtime pay.

13. Throughout plaintiff's employment and until approximately three weeks ago, although plaintiff did not have a fixed work schedule, plaintiff regularly worked twelve-hour shifts, for either six or seven days per week. This amounted to approximately seventy-two and eighty-four hours worked per week, respectively.

14. Approximately three weeks ago, defendants began reducing plaintiff's hours, but plaintiff still worked more than forty hours per week.

15. Throughout plaintiff's employment, plaintiff was paid hourly.

16. From approximately March 2005 to approximately September 2008, plaintiff received an hourly rate of $7.50, for all hours worked including those over forty.

17. From approximately September 2008 to approximately three weeks ago, plaintiff received an hourly rate of $9.00, for all hours worked including those over forty.

18. As of approximately three weeks ago, plaintiff has received an hourly rate of $9.00 for his first forty hours of work, and has received an hourly rate of $12.00 for those hours in excess of forty per week.

19. Defendants also have a policy and practice of shaving hours off of their employees' time records, paying them for fewer hours than they actually worked.

20. For example, defendants regularly shaved one or two hours per week off of plaintiff's time records, paying him for less hours than he actually worked.

21. Defendants willfully and intentionally failed to compensate plaintiff at the overtime rate of one and one-half (1 ½) times the regular hourly rate of pay for all hours worked in excess of forty per week, even though plaintiff regularly worked more than forty hours. The exact accounting of such discrepancy can only be determined upon completion of discovery.

### SPREAD OF HOURS PAY VIOLATION

22. Plaintiff frequently worked shifts that spanned more than ten (10) hours per day.

23. The NYLL requires that employers pay employees one additional hour's pay at the full minimum wage for each workday that exceeds ten hours.

24. Defendants willfully and intentionally failed to compensate plaintiff with an additional one hour's pay at the full minimum wage for each day his workday exceeded ten hours, as required spread-of-hours pay under the NYLL.

## VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

25. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire and also on or before February 1st of each subsequent year of employment, and with an accompanying wage statement each time employees are paid.

26. Defendants paid plaintiff without providing any wage statement listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

27. Plaintiff was never given a notice, either at the time of hire or on or before February 1st of each subsequent year of employment, as required by Section 195 of the New York Labor Law, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if fully set forth herein.

29. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff.

30. Defendants were required to pay plaintiff one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

31. Defendants failed to pay plaintiff the overtime wages to which he was entitled under the FLSA.

32. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages.

33. Due to defendants' violations of the FLSA, plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

34. Plaintiff repeats and realleges paragraphs 1 through 33 as if fully set forth herein.

35. Defendants are employers within the meaning of NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

36. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one half (1 ½) times the regular rate of pay for all hours he worked in excess of forty.

37. Defendants failed to pay plaintiff the overtime wages to which he was entitled under the NYLL.

38. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay the plaintiff overtime wages.

39. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

40. Plaintiff repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

41. Defendants willfully failed to pay plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten hours.

42. By defendants' failure to pay plaintiff, defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

43. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

### FOURTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

44. Plaintiff repeats and realleges paragraphs 1 through 43 as if fully set forth herein.

45. Defendants violated NYLL § 195(1) by failing to furnish plaintiff, at the time of hiring and on or before February 1st of each subsequent year of employment,

with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

46. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

47. Defendants violated NYLL § 195(3) by failing to furnish plaintiff with each payment of wages a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

48. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $100 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that this Court enter a judgment:

    a. declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

    b. declaring that defendants have violated the spread-of-hours provisions of the NYLL and New York State Department of Labor Regulations;

    c. declaring that defendants violated the notice provisions of the Wage Theft Prevention Act;

    d. declaring that defendants' violations of the FLSA and NYLL were willful;

    e. awarding plaintiff unpaid overtime wages;

    f. awarding plaintiff unpaid spread-of-hours compensation;

    g. awarding plaintiff liquidated damages as a result of defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

    h. awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

    i. awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NYLL;

    j. awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

    k. awarding plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l.    awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 15, 2014

BERKE-WEISS & PECHMAN LLP

By: _____
Louis Pechman
Roberto Concepción, Jr.
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@bwp-law.com
concepcion@bwp-law.com
*Attorneys for Plaintiff*