**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

OLIVERTO RODRIGUEZ,                           :

                         Plaintiff,          :

    -against-                                     :

PIZZA PASTA ETC. CORP., d/b/a           :
FAMOUS AMADEUS PIZZA, and              :
AMADEUS MANATA,                             :

                   Defendants.      :

-------------------------------------------------------X

**Index No.: 1:14-cv-8237**
**ECF CASE**

## STIPULATION OF SETTLEMENT

This Settlement Agreement and Release of Claims (hereinafter "Agreement") is made and entered into by and between plaintiff Oliverto Rodriguez, and defendants Pizza Pasta Etc. Corp., d/b/a Famous Amadeus Pizza, and Amadeus Manata (collectively, the "Defendants") on behalf of Defendants and their agents, assigns, attorneys, heirs, affiliates, parents, successors, predecessors, executors and administrators.

**WHEREAS,** the plaintiff filed, in the United States District Court for the Southern District of New York, a Complaint in an action entitled, *Oliverto Rodriguez v. Pizza Pasta Etc. Corp., d/b/a Famous Amadeus Pizza, and Amadeus Manata,* 1:14-cv-8237 (the "Action"); and

**WHEREAS,** the parties desire to fully and finally resolve and settle in full all claims that plaintiff had, has, or may have against the Defendants, including, but not limited to, all claims and issues that were or could have been raised in the Action;

1

**NOW, THEREFORE,** plaintiff and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1.   No Admission of Liability:  By entering into this Agreement, Defendants do not in any way admit liability or wrongdoing toward plaintiff or anyone else, either implicitly or explicitly.  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendants under any law, ordinance, rule, regulation or order with respect to any claim that plaintiff could have asserted or may assert against the defendants.  Defendants have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2.   Consideration:

a. In consideration for plaintiff entering into this Agreement and in full and complete satisfaction of plaintiff's actual and potential claims against the Defendants, the Defendants shall distribute the settlement amount of $7,500 ("Settlement Amount") as set forth below.

b. Plaintiff shall execute and, through counsel, submit to counsel for the Defendants a completed copy of Tax Form W-9 on a later date before the end of tax year 2015.

c. Defendants shall send plaintiff a settlement check in the amount of $2,366.67, less all applicable payroll taxes and withholdings, immediately upon execution of this Agreement (the "Effective Date").

d. Defendants shall send counsel for plaintiff a check made out to Pechman Law Group PLLC in the amount of $1,383.34, representing attorneys' fees and costs, on the Effective Date.

e. Defendants shall send plaintiff a settlement check in the amount of $2,366.66, less all applicable payroll taxes and withholdings, within thirty (30) days of the Effective Date.

f. The defendants shall send counsel for plaintiff a check made out to Pechman Law Group PLLC in the amount of $1,383.33, representing attorneys' fees and costs, within thirty (30) days of the Effective Date.

3. Full Payment: Plaintiff agrees and affirms that the payments described in Paragraph 2 above shall constitute the entire amount of monetary consideration provided to plaintiff and his legal counsel under this Agreement and that neither he nor his legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement. It is further understood and agreed that, with the exception of the payment described in Section 2 of this Agreement, the Parties shall be solely, individually, and completely responsible for compensating their own attorneys for all services rendered and expenses incurred in this matter, and that no award of attorney's fees or costs will be triggered or result from this Agreement or otherwise from the settlement of this matter. Plaintiff will not be deemed or considered a prevailing party. Notwithstanding the foregoing, if Defendants fail to make payments as set forth in Section 2, Defendants shall be responsible for all expenses, including but not limited to

3

legal fees, costs, and pre- and post-judgment interests at the rate of 9% per year, incurred by plaintiff in connection with the enforcement of this Agreement.

4.   Approval of Agreement:   Upon reaching Agreement in principle on this settlement agreement by all parties, counsel shall submit to the Court, for its review, a copy of this Agreement and request that the Court approve and So Order the Agreement and retain jurisdiction over the Agreement until all payments set forth in Section 2 have been received in full.   The Agreement shall constitute full and final settlement of any and all claims by the Plaintiff against the defendants as of the date of Court approval of the parties' Stipulation of Settlement.

5.   Voluntary Dismissal with Prejudice:   Within 10 days of the Effective Date, counsel for plaintiff shall file with the Court a Stipulation of Dismissal With Prejudice, subject to the Court's retention of jurisdiction over compliance with the terms of the Agreement.

6.   General Release: It is understood and agreed by and between the Parties to this Agreement that in return for the consideration set forth in Paragraph 2 of this Agreement and the other promises contained herein, Plaintiff does, knowingly and voluntarily, completely and forever release, waive and discharge Defendants, Arrancada Food Group, Inc., 90 Amster Enterprises, LLC, Famous Amadeus Pizza, Rays at the Garden, Inc., each of their parent organizations, predecessors, successors and assigns, and all past and present officers, directors, employees, agents, representatives, privies, attorneys, associates (collectively the "Releasees") from any and all causes of action, claims, judgments, obligations, damages (compensatory, punitive, and otherwise), claims to attorneys' fees, and rights to pre- or post-judgment interest or liabilities of whatever kind and character including, in particular, but not limited to, any and all

4

claims which were made or could have been made in the Action.  Plaintiff agrees that this release

of claims is intended to be broadly construed so as to resolve any pending and potential disputes

between Plaintiff and the Releasees, which Plaintiff has up to the date of this Agreement,

whether or not such disputes are known or unknown to Plaintiff, including, but not limited to:

any claims that Plaintiff or anyone on Plaintiff's behalf may have arising under the Age

Discrimination in Employment Act (29 U.S.C. § 621 et seq.), Title VII of the Civil Rights Act of

1964 as amended (42 U.S.C. § 2000e, et seq.), the Equal Pay Act of 1963 (29 U.S.C. § 206(d)),

the Civil Rights Acts of 1866 and 1871 as amended (42 U.S.C. § 1981, et seq., 42 U.S.C. § 1983,

et seq.), the Worker Adjustment and Retraining Notification Act (29 U.S.C. § 2101, et seq.), the

Employee Retirement Income Security Act (29 U.S.C. § 1001, et seq.), the Americans with

Disabilities Act (42 U.S. § 12101, et seq.), the Occupational Safety and Health Act (29 U.S.C. §

651, et seq.), the Family and Medical Leave Act (29 U.S.C. § 2601, et seq.), the Consolidated

Omnibus Budget Reconciliation Act (commonly referred to as "COBRA"), the New York State

Human Rights Law, the New York City Human Rights Law, the New York Labor Law, the Fair

Labor Standards Act or any other federal, state or local human rights, civil rights, wage and hour,

employment or labor law, rule and/or regulation, public policy, contract, or tort law, or any claim

of retaliation under such laws and any claim arising under the common law, including but not

limited to causes of action for wrongful discharge, violation of public policy, retaliation, breach

of contract (both express and implied), fraud, defamation, libel, slander, false light, tortious

interference with contract or prospective economic advantage, infliction of emotional distress

(both negligent and intentional), whistleblower retaliation, hostile work environment, personal

injury, assault, battery, prima facie tort, violation of any other federal, state or local statute, law

5

or ordinance, claims for loss of income, compensatory damages, economic damages, emotional distress damages, non-economic damages, pain and suffering damages, liquidated damages, punitive damages, exemplary damages, equitable relief, attorneys' fees and costs, and any other action whether cognizable in law or in equity based on any conduct up to and including the date of this Agreement.  Plaintiff further agrees that Plaintiff has not filed or made any allegations against or relating to the Releasees in any other matter in any court, agency or tribunal other than the Action. This Release shall not apply to any claims with the New York State Unemployment Insurance Board relating to claims for unemployment accrued based on plaintiff's employment with Defendants.

The Parties acknowledge that this Agreement does not limit either party's right, where applicable to file a charge or participate in an investigative proceeding of any federal, state or local agency.  To the extent permitted by law, Plaintiff agrees that if such administrative claim is made, Plaintiff shall not be entitled to any personal recovery, including, but not limited to, any individual monetary relief or other individual remedies, including, but not limited to, backpay, reinstatement, front pay, damages or attorneys' fees.

7. <u>Confidentiality</u>:  Notwithstanding the following, nothing contained herein, shall prohibit the Court from publicly filing this Agreement.  Plaintiff represents that neither he nor his counsel has disclosed or shall disclose, directly or indirectly, the terms, existence or circumstances of this Agreement to anyone.  Plaintiff agrees to keep this Agreement, its terms, existence and circumstances strictly confidential, and shall not tell anyone about the existence of this Agreement or disclose any information contained herein, except that he may disclose such information to his immediate family, lawyer, financial advisor, and/or as required by law.  If

such disclosure is made, plaintiff shall immediately instruct the person to whom the disclosure is made that the information disclosed must be kept strictly confidential. Further, if asked by third parties about any dispute with Defendants, including but not limited to the Action, plaintiff shall state only that the matter was resolved and that she is not at liberty to discuss it further.

8.    Applicable Law:    This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York.

9.    Enforceability and Severability:    If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, or struck by the Court in reviewing this Settlement Agreement in its proposed form, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement. Notwithstanding the foregoing, if Section 6, the Release, or Section 2, Consideration, is held to be illegal or unenforceable, or struck by the Court in reviewing this Settlement Agreement in its proposed form, this Agreement shall be rendered void and the payments referred to in Section 2 shall be returned to the Defendants immediately.

10.    Interpretation of Agreement:    The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

11.    Headings:    The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

7

12.     Complete Agreement:   This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them.   This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

13.     Counterparts:   This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.   A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

14.   Employee   Acknowledgements.   By   signing   this   agreement,   plaintiff acknowledges as follows:

a.     Plaintiff has read this Agreement completely.
b.     Plaintiff has had the opportunity to consider the terms of this Agreement.
c.     Plaintiff has consulted with his attorney prior to executing this Agreement.
d.     Plaintiff understands and means everything that Plaintiff said in this Agreement and Plaintiff agrees to all its terms.
e.     Plaintiff is not relying on any of the Releasees to explain this Agreement to Plaintiff.
f.     Plaintiff is aware that this agreement includes a general release of all known and unknown claims.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Dated: _June 15/2015_          _____
                                Oliverto Rodriguez

Dated: _____          _____

8

Pizza Pasta Etc. Corp.

Dated: 6/18/2015 _____    _____ (power of attorney)
                            Amadeus Manata

So Ordered: _____
            U.S.M.J. Debra Freeman

9